IN THE UNITED STATES COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL & MONA PRESTENBACH** | § § § | **PLAINTIFFS** |
| v. | § § | **Civil Action No.1:08CV303HSO-JMR** |
| **KNIGHT TRANSPORTATION, JEFFREY D. CHAMBERS, AND JOHN DOES 1-10** | § § § § | **DEFENDANTS** |

### ORDER AND REASONS GRANTING
### PLAINTIFFS' MOTION TO REMAND

This cause comes before the Court upon the Motion of Michael and Mona Prestenbach ("Plaintiffs"), filed October 8, 2008 [4-1], to Remand the above styled and numbered civil action to the Circuit Court of Hancock County, Mississippi. Knight Transportation ("Knight") filed a Response in Opposition to Plaintiffs' Motion to Remand on October 20, 2008 [8-1]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that this case must be remanded to state court.

### I. FACTS AND PROCEDURAL HISTORY

On or about March 8, 2007, Plaintiffs, while traveling Eastbound on Interstate 10 in Hancock County, were involved in an automobile collision near Mississippi Highway 603 with a commercial truck owned by Knight and driven by Defendant Jeffrey Chambers. At the time of the collision, Plaintiffs were residents of Biloxi, Mississippi.

This case was originally filed by Plaintiffs on May 1, 2008, in the Circuit Court of Hancock County, Mississippi. The Complaint states that Plaintiffs are

adult residents of Louisiana and reside at 124 Otto Street, Westwego, Louisiana. It further alleges that Knight Transportation is a foreign corporation located in Arizona, and that Jeffrey Chambers is a Knight employee who resides in Louisiana.

At the time the Complaint was filed, Summonses were issued for Knight Transportation in Phoenix, Arizona, and Jeffrey Chambers in Metairie, Louisiana. A letter and corresponding Order contained in the record reveals that on July 11, 2008, Defendants Knight Transportation and Jeffrey Chambers both moved for and were granted additional time to file an answer in the Hancock County Circuit Court.

On July 15, 2008, Defendant Knight filed a Notice of Removal in this Court invoking federal jurisdiction on the grounds of diversity, in accord with 28 U.S.C. § 1332. Plaintiffs filed the instant Motion on October 8, 2008. Knight then filed a Motion to Dismiss Plaintiffs' claims against Jeffrey Chambers pursuant to FED. R. CIV. P. 4(m) on October 20, 2008.

## II.  DISCUSSION

Section 1441 of Title 28 of the United States Code provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction.  *See* 28 U.S.C. § 1441.  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress.  *See Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982).  For this reason, removal statutes are strictly construed.  *See Willy v. Coastal Corp.*, 855 F.2d 1160,

1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy*, 855 F.2d at 1164). The party seeking removal, Knight in this case, bears the burden of establishing federal jurisdiction over the state court suit. *See Atlas Global Group, L.P. v. Grupo Dataflux,* 312 F.3d 168, 176 (5th Cir. 2002) (Garza, J., dissenting); *Willy*, 855 F.2d at 1164; *Jones v. Belhaven College* 334 F. Supp. 2d 916, 920 (S.D. Miss. 2004)(*citing Manguno v. Prudential Property and Casualty Insurance Company,* 276 F.3d 720, 723 (5th Cir. 2002)).

In the present case, Knight, the Removing Defendant, asserts that complete diversity of citizenship exists. 28 U.S.C. § 1332 governs subject matter jurisdiction, and states in relevant part:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between–
> (1) citizens of different states;

28 U.S.C. § 1332 (a).

A defendant may remove a case to federal court if both requirements of diversity jurisdiction have been met. *See* 28 U.S.C. § 1441(a). In the present case, the pleadings clearly establish that while Plaintiffs resided in Mississippi at the time of the accident, they resided in Louisiana at the time that the Complaint was filed. The Fifth Circuit has expressly held that in removal practice, the relevant jurisdictional facts must be judged as of the time the complaint is filed. *See St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253-54 (5th Cir. 1998); *Beneficial*

*Nat. Bank, USA v. Payton,* 214 F. Supp. 2d 679, 682 (S.D. Miss. 2001). In addition, the pleadings establish that Plaintiffs and Jeffrey Chambers are currently residents of the State of Louisiana. Based upon the present record, complete diversity among the parties does not exist, nor was it present at the time the Complaint was filed. Therefore, the Court finds that federal jurisdiction does not exist and remand to state court is required.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiffs' Motion to Remand [8-1] in the above styled and numbered cause, filed October 8, 2008, should be, and is, hereby **GRANTED,** and that all other pending motions are hereby **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED,** that the above-captioned cause is hereby remanded to the Circuit Court of Hancock County, Mississippi, and that a certified copy of this Order of remand shall be mailed by the Clerk to the clerk of the state court.

**SO ORDERED AND ADJUDGED**, this the 14th day of November, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE